IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **SIDNEY FRAZIER**<br>12091 Brookway Dr.<br>Cincinnati, Ohio 45240<br><br>**Plaintiff**<br><br>vs.<br><br>**THE HILLMAN GROUP, Inc.**<br>10590 Hamilton Ave.<br>Cincinnati, Ohio 45231<br>c/o Registered Agent<br>**Corporation Service Company**<br>3366 Riverside Dr., Suite 103<br>Upper Arlington, Ohio 43221<br><br>**Defendant** | **Case No.** 1:22-cv-692<br><br>**Judge** _____<br><br>**Magistrate**<br><br><br><br><br>**COMPLAINT WITH JURY DEMAND** |

## JURISDICTION AND VENUE

1.      This case is under the jurisdiction of this Court under 28 U.S.C. §1331, federal question, because the Complaint involves 42 U.S.C. 2000(e) race discrimination under Title VII of the Civil Rights Act of 1964, and under 29 U.S.C. §621 et seq., the Age Discrimination in Employment Act of 1975.

2.      Venue is proper in this Court as the incidents giving rise to the claim occurred in Hamilton County, Ohio, within the territorial jurisdiction of this Court. The Court has personal jurisdiction over the Defendant as it is headquartered in Hamilton County, Ohio.

## PARTIES

3.      Plaintiff Sidney Frazier ("Frazier") is a 59 year old, African American, citizen of the

1

United States and of the state of Ohio, residing at the address listed in the caption.

4. Defendant The Hillman Group, Inc., ("Hillman Group") is a citizen of Delaware whose corporate offices are located at the address listed in the caption. Defendant Hillman Group is the former employer of Plaintiff Sidney Frazier, and is a company that sells fasteners and fastener solution services.

5. Plaintiff Sidney Frazier, has worked for Defendant The Hillman Group, since 1999.

## FACTS

6. Plaintiff Frazier began work as an order picker, and, after a couple of years, was promoted to a checker of bulk materials. In approximately 2004, the company made him a trainer of other order pickers, and reach operators, fork lift operators, and turn machines. The company then promoted him as a lead to the key operations. By 2021, Plaintiff Frazier was promoted to the trainer of new drivers and was made supervisor of all the order pullers in the location.

7. During his entire time with the company, Plaintiff Frazier has received no disciplinary write-up whatsoever, and has been an exemplary employee and manager.

8. In point of fact, Plaintiff Frazier is familiar with the company handbook, and has followed its guidelines to the letter in supervising personnel.

9. In early 2022, while supervising order pickers, Plaintiff Frazier was told by the company that he was to institute overtime beginning close to Memorial Day.

10. To initial said overtime, Plaintiff Frazier called a meeting. On or about Thursday, May 26, 2022, acting in according with his supervisors instructions, Plaintiff Frazier called together his order pickers in order to explain the new overtime procedure.

11. As part of his instructions, Plaintiff Frazier, instructed the order pickers they were all part

of one team, and they would be working not in individual department but pulling orders for every department so that all stayed busy, and that the job go accomplished.

12. One of his subordinate workers, whose name was James Randall, proceeded to call Plaintiff Frazier the N---- word in a nasty and insubordinate fashion. Plaintiff Frazier immediately objected to this characterization. Plaintiff is African American, and his supervisors are either white or mixed. Specifically, Dora, the Plant Manager, is mixed, Chuck is white, Phil Miller is white, and a gentleman named Maurey, an Assistant Manager, is African American.

13. After Plaintiff Frazier requested an apology from the individual who had acted insubordinate towards him, an individual who was already on a written warning from the company, the individual refused to apologize, and in fact, was taken away, by three individuals, Defendant Supervisors Dora, Maurey, and Chuck. In the meanwhile, Plaintiff Frazier was taken to another office by Rob Kelly, the PolyBag Supervisor for Defendant, who used to be the immediate supervisor of James Randall. Mr. Kelly is white.

14. Without further notice to Plaintiff Frazier, and without further opportunity for him to explain the situation, on Tuesday, May 31, Defendant Human Resources called up Plaintiff Frazier over the telephone and told him "We have decided to separate from you."

15. The individuals that fired Plaintiff Frazier, without reason, did so in a discriminatory fashion because of his age and his race. James Randall was retained in the company in spite of being working under a written warning.

16. Plaintiff Frazier timely filed a charge of discrimination for age and race with the EEOC, a true copy of which is attached as Exhibit A and incorporated herein.

17. Plaintiff Frazier received a copy of his right to sue on September 8, 2022, a true copy of which is attached as Exhibit B and incorporated herein.

**COUNT I – RACE DISCRIMINATION**

18. Plaintiff realleges all the foregoing paragraphs as if fully rewritten herein.

19. The actions of Defendant Hillman Group were discriminatory and in violation of 42 U.S.C. 2000e.

20. As a direct result of this discrimination, Plaintiff has suffered monetary damages, emotional distress, and is entitled to compensatory damages.

21. Plaintiff Frazier is also entitled to his reasonable attorney fees and costs in this action from the Defendant.

**COUNT II – AGE DISCRIMINATION UNDER 29 USC 621 et.seq.**

22. Plaintiff realleges paragraphs 1-21 as if fully rewritten herein.

23. The actions of Defendant Hillman Group were age discrimination and in violation of 29 U.S.C. § 621 et. seq.

24. As a direct result of this discrimination, Plaintiff has suffered compensatory damages in an amount to be determined, emotional distress, and other compensatory damages.

25. As a result of Defendant's actions, Plaintiff Frazier is also entitled to his reasonable attorney fees and costs in accordance with the Act.

**PRAYER FOR RELIEF**

WHEREFORE, having fully pleaded his cause, Plaintiff Sidney Frazier prays that this honorable Court award him compensatory damages in an amount to be determined in excess of $75,000.00, his reasonable attorney fees and costs in this action, and any and other such relief as this Court or a jury may direct.

Respectfully submitted,

*/s/ Robert F. Croskery*
Robert F. Croskery (0064802)
Trial Attorney for Plaintiffs
Croskery Law Offices
P. O. Box 184
Fayetteville, Ohio 45118
Phone:  (513) 232-LAWS (5297)
Fax: (513) 426-7372
rcroskery@croskerylaw.com

Of Counsel:
Croskery Law Offices
Melinda E. Knisley (002662)
P.O. Box 184
Fayetteville, Ohio 45118
Phone:  (513) 232-LAWS (5297)
Fax: (513) 426-7372

## JURY DEMAND

Plaintiff Sidney Frazier hereby demands a jury of eight to hear all issues triable to a jury.

*/s/ Robert F. Croskery*
Robert F. Croskery (0064802)

5